# HOUSTON *v.* HOUSTON.

---

WILLS; TRIAL; PROBATE COURT.

Under probate rule 6 of the supreme court of the District of Columbia, when answers are filed to a petition to vacate the probate of a will, it is not necessary for the petitioner to file a replication, but the proceeding stands at issue as though a general replication had been filed. Such a proceeding is a special one, and is not governed by rules relating to equity proceedings.

No. 2224. Submitted November 1, 1910. Decided January 3, 1911.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia sitting as a probate court dismissing a petition to vacate the probate of a will and to grant letters of administration to petitioners. *Reversed.*

The COURT in the opinion stated the facts as follows: ¡...

This is an appeal from an order dismissing a petition to vacate the probate of a will and grant of letters of administration.

The petition was filed March 12th, 1910, by William T. and John O. Houston, who allege that they are the sole next of kin of Eulalie Ealer, deceased; the said William T. Houston being her son and John O. Houston her grandson.

That said Eulalie Ealer died April 8, 1907, in Montgomery county, Maryland, where she had been domiciled for four years. That she had no domicil or residence in the District of Columbia. That decedent left personal property of the value of $5,000 at her death, consisting of about $3,500 in notes of one Parker, secured by trust deed on property in the District, and certain clothing, pictures, jewels, etc. That she had no debts. That she left a will making her daughter Sarah Ann Gardner, who lived in Maryland, her legatee and executrix. That said Gardner died July 30, 1908, without having offered said will for probate anywhere. That said will was offered for probate in the District by Henry W. Houston, a stranger to the blood of either testatrix or said Gardner, and who knew that testatrix had not been domiciled in said District. That on March 12th, 1909, said will was admitted to probate and letters of administration issued to Clifford V. Church. That petitioner had no knowledge of said application, and no notice was given him as by law required, although the counsel for Church knew his address in New York city, where he then resided and has since resided. That John O. Houston, who consented to said probate, acted under an error of law. This petition was sworn to. The prayers were that the order probating said will and granting letters of administration to Church be vacated; and in the event that the probate be not vacated, letters of administration be granted to William T. Houston; and for general relief.

Clifford V. Church filed an answer March 24th, 1910. He denied that the domicil of testatrix at her death was in Montgomery county, Maryland, and averred that it was in the Dis-

trict of Columbia. That the notes of Parker were at her death in the keeping of a bank in the city of Washington, which surrendered the same to Sarah Ann Gardner on July 27, 1908, when the said will was by her instructions filed with the register of wills in said District. That said Sarah Ann Gardner was the legatee and executrix named in said will, and paid the debts and funeral expenses of testatrix. That William T. Houston attended said funeral, and has never applied for letters of administration. That letters were granted to respondent with the consent of John O. Houston, and that William T. Houston, although continuously within the jurisdiction since August 1st, 1909, has made no attempt to assert his rights until the filing of his petition. That notice was mailed to said William T. Houston of the application for probate to his last known address in New York. That petitioners have no interest in said estate because the same had been bequeathed to Sarah Ann Gardner, and the validity of the will has not been questioned in the proceedings. He prays that the petition be dismissed.

Henry W. Houston filed an answer April 18th, 1910, alleging substantially the same facts contained in the answer of Church, and in addition that Sarah Ann Gardner departed this life in Montgomery county, Maryland, July 30, 1908, leaving a will appointing Henry W. Houston executor thereof, and making him her sole legatee and devisee; which will was probated in said Montgomery county, December 15th, 1908.

No formal replication or joinder of issue was filed by petitioners, but a paper addressed to the justice holding the probate court was filed May 10, 1910, alleging that a proceeding was then on trial in the circuit court of Montgomery county, Maryland, contesting the will of said Sarah Ann Gardner. It does not appear from the record that the justice holding the probate court designated a time of trial of the cause. Code, sec. 142; Probate Rules 1, sec. 2.

On May 11, 1910, the petition was dismissed, as shown by the following order: "Upon consideration of the petition of William T. Houston and John O. Houston, filed herein March 12, 1910, and the answer of the respondent, Clifford V. Church,

thereto, it is this 11th day of May, A. D. 1910, by the court, adjudged, ordered, and decreed, that the said petition be, and the same is hereby dismissed, with costs.

The petitioners on May 17th, 1910, filed an application to set aside said order. This was verified by oath, and alleges that the order was based on the face of the pleadings and with-out hearing. The allegation was repeated concerning the domicil of Eulalie Ealer, and it was alleged that petitioners were prepared to prove the same by overwhelming evidence, had an opportunity been given. It also repeats the charge that Henry W. Houston was not of kin to testatrix. That he claims the estate under a will of Sarah Ann Gardner. That said will was obtained by fraud and duress, and petitioners have a proceeding pending in the circuit court of Montgomery county, Maryland, to set aside said will. Other allegations are made which it is unimportant to recite. The court denied said application and motion on May 19th, 1910, and from said orders this appeal has been taken.

*Mr. William T. Houston in propria persona* for the appellants.

*Mr. Percy Myers* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It is to be inferred from the recitals of the proceedings that the summary dismissal of the petition, in the absence of the petitioners, without setting the cause down for trial, was because there had been no replication to, or joinder of issue upon, the answers. This was claimed on the argument, and was not denied.

If this were a suit in equity, or an ordinary action at law, it would have been necessary for the petitioners to file a replication to the answers or a joinder of issue thereon, within the term and under the conditions prescribed in the equity and common-

law rules of the supreme court of the District. Equity Rule 43; Common-Law Rules 29 and 30.

It is not necessary to inquire whether the notice had been given of the filing of answers, or the given time for replication or joinder of issue had expired.

This is not a proceeding in equity, but a special proceeding at law. *Ormsby* v. *Webb,* 134 U. S. 47–64, 33 L. ed. 805–812, 10 Sup. Ct. Rep. 478. As such, special rules governing the procedure have been promulgated by the supreme court of the District. By the second section of rule 6 it is declared that "it shall not be necessary in any case to file a replication, but the proceeding shall stand at issue as though a general replication had been filed."

Under this rule the cause was at issue and should have been tried in regular order and in the regular way on the issues made by the pleadings.

Neither the merits of the cause nor the sufficiency of the pleadings is here involved.

For the reasons given, the judgment will be reversed, with costs, and the cause remanded with direction to vacate the order of dismissal and for further proceedings not inconsistent with this opinion.                              *Reversed.*

A motion for a modification of the opinion was overruled.